IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LINEAGE POWER CORP.<br><br>        Plaintiff,<br><br>      v.<br><br>SYNQOR, INC.<br><br>        Defendant. | Case No. 2:08CV95<br><br>JURY TRIAL DEMANDED |

**DEFENDANT SYNQOR, INC.'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO LINEAGE POWER
CORPORATION'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant SynQor, Inc. ("SynQor") respectfully submits this Answer, these Affirmative Defenses, and these Counterclaims in response to the complaint for patent infringement ("Complaint") filed by Lineage Power Corporation ("Lineage") as follows:

**I.    ANSWER**

**THE PARTIES**

1. On information and belief, Lineage is a corporation organized and existing under the laws of Nevada, with its principal place of business at 3000 Skyline Drive, Mesquite, Texas 75149.

2. SynQor admits SynQor is a corporation organized and existing under the laws of Delaware, with its principal place of business at 155 Swanson Road, Boxborough, Massachusetts 01719. SynQor admits that it has conducted business in this district. SynQor will not contest jurisdiction or venue in this case. SynQor denies that it has committed, continues to commit,

has contributed to, continues to contribute to, has induced, or continues to induce any acts that give rise to this action, including the infringement of any valid and enforceable patent claims. Except as expressly admitted, SynQor denies each and every remaining allegation set forth in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. SynQor admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but denies Lineage's claims have any factual or legal basis. SynQor admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 in as much as the Complaint purports to state claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. SynQor will not contest jurisdiction or venue in this case. SynQor denies that it has committed, continues to commit, has contributed to, continues to contribute to, has induced, or continues to induce any acts that give rise to this action. Except as expressly admitted, SynQor denies each and every remaining allegation set forth in paragraph 4 of the Complaint.

5. SynQor will not contest jurisdiction or venue in this case. SynQor denies that it has committed, continues to commit, has contributed to, continues to contribute to, has induced, or continues to induce any acts that give rise to this action, including the infringement of any valid and enforceable patent claims. Except as expressly admitted, SynQor denies each and every remaining allegation set forth in paragraph 5 of the Complaint.

6.  SynQor will not contest personal jurisdiction in this case.  SynQor denies that it has committed, continues to commit, has contributed to, continues to contribute to, has induced, or continues to induce any acts that give rise to this action, including the infringement of any valid and enforceable patent claims.  Except as expressly admitted, SynQor denies each and every remaining allegation set forth in paragraph 6 of the Complaint.

7.  SynQor will not contest jurisdiction or venue in this case.  SynQor denies that it has committed, continues to commit, has contributed to, continues to contribute to, has induced, or continues to induce any acts that give rise to this action, including the infringement of any valid and enforceable patent claims.  Except as expressly admitted, SynQor denies each and every remaining allegation set forth in paragraph 7 of the Complaint.

## GENERAL ALLEGATIONS

8.  SynQor admits that what appears to be a copy of U.S. Patent No. Re. 36,571 ("the '571 Patent") is attached as Exhibit A to the Complaint.  SynQor admits that, on its face, Exhibit A states that the title is "Low Loss Synchronous Rectifier for Application to Clamped-Mode Power Converters."  SynQor is without knowledge or information sufficient to form a belief as to the truth of the allegations that Lineage is the legal assignee and owner of the '571 Patent.  Otherwise, SynQor denies each and every allegation contained in paragraph 8 of the Complaint, and specifically denies that the '571 Patent was duly and legally issued.

9.  SynQor admits that what appears to be a copy of U.S. Patent No. 6,191,964 ("the '964 Patent") is attached as Exhibit B to the Complaint.  SynQor admits that, on its face, Exhibit B states that the title is "Circuit and Method for Controlling a Synchronous Rectifier Converter."  SynQor is without knowledge or information sufficient to form a belief as to the truth of the

allegations that Lineage is the legal assignee and owner of the '964 Patent. Otherwise, SynQor denies each and every allegation contained in paragraph 9 of the Complaint, and specifically denies that the '964 Patent was duly and legally issued.

## COUNT ONE
## SynQor's Infringement of the '571 Patent

10. Answering paragraph 10 of the Complaint, each of the foregoing paragraphs is incorporated by reference.

11. SynQor denies each and every allegation set forth in paragraph 11 of the Complaint, and specifically denies any wrongdoing or infringement.

12. SynQor denies each and every allegation set forth in paragraph 12 of the Complaint, and specifically denies any wrongdoing or infringement.

13. SynQor denies each and every allegation set forth in paragraph 13 of the Complaint, and specifically denies any wrongdoing or infringement.

14. SynQor denies each and every allegation set forth in paragraph 14 of the Complaint, and specifically denies any wrongdoing or infringement.

## COUNT TWO
## SynQor's Infringement of the '964 Patent

15. Answering paragraph 15 of the Complaint, each of the foregoing paragraphs is incorporated by reference.

16. SynQor denies each and every allegation set forth in paragraph 16 of the Complaint, and specifically denies any wrongdoing or infringement.

SYNQOR'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO LINEAGE'S COMPLAINT FOR PATENT INFRINGEMENT, PAGE 4

17.   SynQor denies each and every allegation set forth in paragraph 17 of the Complaint, and specifically denies any wrongdoing or infringement.

18.   SynQor denies each and every allegation set forth in paragraph 18 of the Complaint, and specifically denies any wrongdoing or infringement.  To the extent the last paragraph under Count Two of the Complaint is determined to be separate from paragraph 18 of the Complaint, SynQor denies each and every allegation set forth in said paragraph, and specifically denies any wrongdoing or infringement.

## RESPONSE TO REQUEST FOR RELIEF

SynQor denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the '571 patent or the '964 patent identified in Lineage's Complaint.  SynQor also denies that Lineage is entitled to any of the relief requested against SynQor, including injunctive relief, actual damages, enhanced damages, attorneys' fees, costs, interest, or any other relief of any kind.  SynQor denies all allegations contained in paragraphs (A) - (I) of Lineage's request for relief.

## DEMAND FOR JURY TRIAL

SynQor acknowledges and joins in Lineage's request for a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

## II.   AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(FAILURE TO STATE A CLAIM)

1.   The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (NONINFRINGEMENT OF THE '571 AND '964 PATENTS)

2. SynQor has not directly infringed, has not contributorily infringed, and has not induced infringement of any valid and enforceable claim of the '571 patent or the '964 patent, either literally or under the doctrine of equivalents, and is not liable for any infringement of the '571 patent or the '964 patent.

## THIRD AFFIRMATIVE DEFENSE

### (PROSECUTION HISTORY ESTOPPEL)

3. Lineage's claims for relief are barred in whole or in part by the doctrine of prosecution history estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (INVALIDITY OF THE '571 AND '964 PATENTS)

4. The '571 patent and the '964 patent, and each claim thereof, are invalid for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. 1 *et seq.*, including without limitation, the requirements in §§ 101, 102, 103, 112 and/or 132, and the rules, regulations and laws pertaining thereto.

## FIFTH AFFIRMATIVE DEFENSE

### (NO WILLFUL INFRINGEMENT OF THE '571 AND '964 PATENTS)

5. SynQor has not willfully infringed any valid and enforceable claim of the '571 patent or the '964 patent.

### SIXTH AFFIRMATIVE DEFENSE

### (PROSECUTION LACHES)

6. Lineage's claims for relief are barred in whole or in part by the doctrine of prosecution laches.

### SEVENTH AFFIRMATIVE DEFENSE

### (WAIVER)

7. Lineage's claims for relief are barred in whole or in part by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

### (LACHES AND ESTOPPEL)

8. Lineage's claims for relief are barred in whole or in part by the doctrine of laches and/or estoppel.

### NINTH AFFIRMATIVE DEFENSE

### (SECTION 288)

9. Lineage's claims for relief are barred in whole or in part under 35 U.S.C. § 288, and any costs sought by Lineage are limited by 35 U.S.C. § 288.

### TENTH AFFIRMATIVE DEFENSE

### (SECTIONS 286 AND/OR 287)

10. Any damages sought by Lineage are limited by 35 U.S.C. §§ 286 and/or 287.

### ELEVENTH AFFIRMATIVE DEFENSE

### (OTHER AFFIRMATIVE DEFENSES)

11. SynQor reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in

equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### III.   SYNQOR'S COUNTERCLAIMS AGAINST LINEAGE

### THE PARTIES

1. Counterclaimant, SynQor, Inc. ("SynQor") is a Delaware corporation having a principal place of business at 155 Swanson Road, Boxborough, Massachusetts 01719.

2. Counterclaim Defendant Lineage Power Corporation ("Lineage") is a corporation organized and existing under the laws of Nevada, with its principal place of business at 3000 Skyline Drive, Mesquite, Texas 75149.

### JURISDICTION AND VENUE

3. Subject matter jurisdiction in this Court is based upon 28 U.S.C. §§ 2201(a), 1338(a), and 1331.

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a), and/or 1391(b).

5. In its Complaint, Lineage has charged SynQor with committing acts of infringement of U.S. Patents Nos. Re. 36,571 ("the '571 patent') and 6,191,964 ("the '964 patent"). A justifiable controversy exists between Counterclaim Defendant Lineage and Counterclaim Plaintiff SynQor concerning the enforceability, validity, and scope of the '571 patent and the '964 patent and with respect to the liability for the alleged infringement thereof by SynQor.

### FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT REGARDING THE '571 PATENT

6. SynQor realleges paragraphs 1-5 of its counterclaims as if fully set forth herein.

7. None of the claims of the '571 patent have been (a) directly infringed by SynQor; (b) contributorily infringed by SynQor; or (c) infringed by active inducement by SynQor.

8. The claims of the '571 patent are invalid for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. 1 *et seq.*, including without limitation, the requirements in §§ 101, 102, 103, 112 and/or 132, and the rules, regulations and laws pertaining thereto.

9. This counterclaim is exceptional under 35 U.S.C. § 285 and SynQor is entitled to an award of its reasonable attorneys' fees.

## SECOND COUNTERCLAIM

## DECLARATORY JUDGMENT REGARDING THE '964 PATENT

10. SynQor realleges paragraphs 1-9 of its counterclaims as if fully set forth herein.

11. None of the claims of the '964 patent have been (a) directly infringed by SynQor; (b) contributorily infringed by SynQor; or (c) infringed by active inducement by SynQor.

12. The claims of the '964 patent are invalid for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. 1 *et seq.*, including without limitation, the requirements in §§ 101, 102, 103, 112 and/or 132, and the rules, regulations and laws pertaining thereto.

13. This counterclaim is exceptional under 35 U.S.C. § 285 and SynQor is entitled to an award of its reasonable attorneys' fees.

## THIRD COUNTERCLAIM

### LINEAGE'S INFRINGEMENT OF UNITED STATES PATENT NO. 6,594,159

14.     SynQor realleges paragraphs 1-13 of its counterclaims as if fully set forth herein.

15.     SynQor is the assignee and owner of all rights, title, and interest in U.S. Patent No. 6,594,159 ("the '159 patent"), entitled "High Efficiency Power Converter."  The '159 patent was duly and legally issued on July 15, 2003, by the United States Patent and Trademark Office. A true and correct copy of the '159 patent is attached hereto as Exhibit A.

16.     Lineage has been and is now infringing, actively inducing infringement of, and/or contributorily infringing the '159 patent, pursuant to 35 U.S.C. § 271.  The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to power converters.

17.     Accused products, such as power converters, which are used to practice the claims of the '159 patent, are known by Lineage to be especially made or adapted for use in an infringement of the '159 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

18.     Lineage's past and continued acts of infringement of the '159 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

19.     Lineage's infringement of SynQor's exclusive rights under the '159 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Lineage is enjoined by this Court from further infringement.

## FOURTH COUNTERCLAIM

### LINEAGE'S INFRINGEMENT OF UNITED STATES PATENT NO. 6,731,520

20. SynQor realleges paragraphs 1-19 of its counterclaims as if fully set forth herein.

21. SynQor is the assignee and owner of all rights, title, and interest in U.S. Patent No. 6,731,520 ("the '520 patent"), entitled "High Efficiency Power Converter." The '520 patent was duly and legally issued on May 4, 2004, by the United States Patent and Trademark Office. A true and correct copy of the '520 patent is attached hereto as Exhibit B.

22. Lineage has been and is now infringing, actively inducing infringement of, and/or contributorily infringing the '520 patent, pursuant to 35 U.S.C. § 271. The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to power converters.

23. Accused products, such as power converters, which are used to practice the claims of the '520 patent, are known by Lineage to be especially made or adapted for use in an infringement of the '520 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

24. Lineage's past and continued acts of infringement of the '520 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

25. Lineage's infringement of SynQor's exclusive rights under the '520 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Lineage is enjoined by this Court from further infringement.

## FIFTH COUNTERCLAIM

### LINEAGE'S INFRINGEMENT OF UNITED STATES PATENT NO. 7,119,524

26. SynQor realleges paragraphs 1-25 of its counterclaims as if fully set forth herein.

27. SynQor is the assignee and owner of all rights, title, and interest in U.S. Patent No. 7,119,524 ("the '524 patent"), entitled "Control of DC/DC Converters Having Synchronous Rectifiers." The '524 patent was duly and legally issued on October 10, 2006, by the United States Patent and Trademark Office. A true and correct copy of the '524 patent is attached hereto as Exhibit C.

28. Lineage has been and is now infringing, actively inducing infringement of, and/or contributorily infringing the '524 patent, pursuant to 35 U.S.C. § 271. The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products, including, but not limited to power converters.

29. Accused products, such as power converters, which are used to practice the claims of the '524 patent, are known by Lineage to be especially made or adapted for use in an infringement of the '524 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

30. Lineage's past and continued acts of infringement of the '524 patent have injured SynQor and thus SynQor is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

31.     Lineage's infringement of SynQor's exclusive rights under the '524 patent will continue to damage SynQor's business, causing irreparable injury to SynQor, for which there is no adequate remedy at law, unless Lineage is enjoined by this Court from further infringement.

## WILLFUL INFRINGEMENT BY LINEAGE

32.     On information and belief, Lineage's infringement of the '159, '520, and '524 patents has been and/or will continue to be willful and deliberate, entitling SynQor to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

33.     Under Rule 38 of the Federal Rules of Civil Procedure, SynQor hereby demands a trial by jury.

## RELIEF REQUESTED

Wherefore, SynQor respectfully requests the Court:

A.      order trial by jury on all issues so triable;

B.      render judgment that Lineage take nothing by its Complaint and that Lineage's Complaint be dismissed with prejudice;

C.      render judgment that SynQor does not infringe any valid, enforceable claim of the '571 patent;

D.      render judgment that the claims of the '571 patent are invalid,

  E. render judgment that SynQor does not infringe any valid, enforceable claim of the '964 patent;

  F. render judgment that the claims of the '964 patent are invalid,

  G. render judgment finding that Lineage has infringed the '159, '520, and '524 patents;

  H. find that Lineage's infringement was willful;

  I. issue permanent injunctions preventing Lineage, and those in active concert with Lineage, from further infringement, inducement of infringement, or contributory infringement of the '159, '520, and '524 patents;

  J. award compensatory damages in an amount to be determined at trial;

  K. award treble damages pursuant to 35 U.S.C. § 284;

  L. award interest as allowed by law;

  M. declare that this case is exceptional pursuant to 35 U.S.C. § 285, and award costs and reasonable attorneys' fees incurred in connection with this action; and

  N. grant such other and further relief as the Court and the jury deem just and proper.

        Respectfully submitted,

Dated: April 30, 2008      /s/ Thomas D. Rein
            **Thomas D. Rein**
            (P*ro Hac Vice Application to be Filed*)
            Lead Attorney
            trein@sidley.com
            **Russell E. Cass**

(P*ro Hac Vice Application to be Filed*)
rcass@sidley.com
**April D. Lambert**
(P*ro Hac Vice Application to be Filed*)
alambert@sidley.com
**Brian C. Bianco**
(P*ro Hac Vice Application to be Filed*)
bcbianco@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL   60603
Telephone:     312.853.7000
Facsimile:     312.853.7036


**V. Bryan Medlock, Jr.**
Texas State Bar No. 13897000
bmedlock@sidley.com
**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**SIDLEY AUSTIN LLP**
717 North Harwood, Suite 3400
Dallas, TX   75201
Telephone:     214.981.3300
Facsimile:     214.981.3400


*ATTORNEYS FOR PLAINTIFF SYNQOR, INC.*

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 30, 2008.  Any other counsel of record will be served by first class U.S. mail on this same date.

                                                 */s/ Brian C. Bianco*

                                                 Brian C. Bianco