IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **LINEAGE POWER CORP.,**<br><br>　　　　Plaintiff,<br>　v.<br><br>**SYNQOR, INC.,**<br><br>　　　　Defendant.<br><br>**SYNQOR, INC.,**<br><br>　　　　Counterclaim-Plaintiff and Defendant,<br><br>　v.<br><br>**LINEAGE POWER CORP.,**<br><br>　　　　Counterclaim-Defendant and Plaintiff. | CIVIL ACTION NO.<br>2:08-CV-95-TJW-CE<br><br>**JURY TRIAL DEMANDED** |

**LINEAGE POWER CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND
<u>COUNTERCLAIMS TO SYNQOR, INC.'S COUNTERCLAIMS</u>**

Lineage Power Corporation ("Lineage") respectfully submits this Answer, these Affirmative Defenses, and these Counterclaims in response to the counterclaims ("SynQor's counterclaims") asserted by SynQor, Inc. ("SynQor") in its Answer, Affirmative Defenses, and Counterclaims to Lineage Power Corporation's Complaint for Patent Infringement ("SynQor's Answer")(*See* Dkt. #14) as follows:

# I.     ANSWER

## THE PARTIES

1.     Answering paragraph 1 of SynQor's counterclaims, on information and belief, SynQor is a corporation organized and existing under the laws of Delaware, with its principal place of business at 155 Swanson Road, Boxborough, Massachusetts 01719.

2.     The allegations in paragraph 2 of SynQor's counterclaims are admitted.

## JURISDICTION AND VENUE

3.     Answering paragraph 3 of SynQor's counterclaims, Lineage admits that SynQor purports that the SynQor's counterclaims are for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but denies that SynQor's counterclaims have any factual or legal basis.  Lineage admits that this Court has subject matter jurisdiction over SynQor's counterclaims pursuant to 28 U.S.C. §§ 2201(a), 1331, and 1338(a) inasmuch as SynQor's counterclaims purport to state claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.     Answering paragraph 4 of SynQor's counterclaims, Lineage admits that, as to the allegations asserted against it, venue is proper in the Eastern District of Texas.  Lineage denies that it has committed, continues to commit, has contributed to, continues to contribute to, has induced, or continues to induce any acts that give rise to SynQor's counterclaims.

5.     Answering paragraph 5 of SynQor's counterclaims, Lineage admits that it has alleged in its Complaint that SynQor has infringed, and continues to infringe, U.S. Patent Nos. Re. 36,571 ("the '571 Patent") and 6,191,964 ("the '964 Patent").  Lineage admits that a justiciable controversy exists between Lineage and SynQor regarding the infringement and validity of the '571 and '964 Patents.  Lineage denies the remaining allegations in paragraph 5 of SynQor's counterclaims.

## FIRST COUNTERCLAIM
### Declaratory Judgment Regarding the '571 Patent

6. Answering paragraph 6 of SynQor's counterclaims, each of the foregoing paragraphs is incorporated by reference.

7. Lineage denies each and every allegation in paragraph 7 of SynQor's counterclaims.

8. Lineage denies each and every allegation in paragraph 8 of SynQor's counterclaims.

9. Lineage denies each and every allegation in paragraph 9 of SynQor's counterclaims.

## SECOND COUNTERCLAIM
### Declaratory Judgment Regarding the '964 Patent

10. Answering paragraph 10 of SynQor's counterclaims, each of the foregoing paragraphs is incorporated by reference.

11. Lineage denies each and every allegation in paragraph 11 of SynQor's counterclaims.

12. Lineage denies each and every allegation in paragraph 12 of SynQor's counterclaims.

13. Lineage denies each and every allegation in paragraph 13 of SynQor's counterclaims.

## THIRD COUNTERCLAIM
### Lineage's Infringement of U.S. Pat. No. 6,594,159

14. Answering paragraph 14 of SynQor's counterclaims, each of the foregoing paragraphs is incorporated by reference.

15. Answering paragraph 15 of SynQor's counterclaims, Lineage admits that what

appears to be a copy of U.S. Patent No. 6,594,159 ("the '159 Patent") is attached as Exhibit A to SynQor's Answer. Lineage admits that, on its face, Exhibit A states that its title is "High Efficiency Power Converter," and that it was issued on July 15, 2003. Lineage denies that the '159 Patent was duly and legally issued. Lineage is without knowledge or information sufficient to form a belief as to the truth of the allegation that SynQor is the legal assignee of the '159 Patent. Lineage denies the remaining allegations in paragraph 15 of SynQor's counterclaims.

16. Lineage denies each and every allegation in paragraph 16 of SynQor's counterclaims, and specifically denies any wrongdoing or infringement.

17. Lineage denies each and every allegation in paragraph 17 of SynQor's counterclaims, and specifically denies any wrongdoing or infringement.

18. Lineage denies each and every allegation in paragraph 18 of SynQor's counterclaims, and specifically denies any wrongdoing or infringement.

19. Lineage denies each and every allegation in paragraph 19 of SynQor's counterclaims, and specifically denies any wrongdoing or infringement.

**FOURTH COUNTERCLAIM**
**Lineage's Infringement of U.S. Pat. No. 6,731,520**

20. Answering paragraph 20 of SynQor's counterclaims, each of the foregoing paragraphs is incorporated by reference.

21. Answering paragraph 21 of SynQor's counterclaims, Lineage admits that what appears to be a copy of U.S. Patent No. 6,731,520 ("the '520 Patent") is attached as Exhibit B to SynQor's Answer. Lineage admits that, on its face, Exhibit B states that its title is "High Efficiency Power Converter," and that it was issued on May 4, 2004. Lineage denies that the '520 Patent was duly and legally issued. Lineage is without knowledge or information sufficient to form a belief as to the truth of the allegation that SynQor is the legal assignee of the '520

4

Patent. Lineage denies the remaining allegations in paragraph 21 of SynQor's counterclaims.

22. Lineage denies each and every allegation in paragraph 22 of SynQor's counterclaims, and specifically denies any wrongdoing or infringement.

23. Lineage denies each and every allegation in paragraph 23 of SynQor's counterclaims, and specifically denies any wrongdoing or infringement.

24. Lineage denies each and every allegation in paragraph 24 of SynQor's counterclaims, and specifically denies any wrongdoing or infringement.

25. Lineage denies each and every allegation in paragraph 25 of SynQor's counterclaims, and specifically denies any wrongdoing or infringement.

### FIFTH COUNTERCLAIM
### Lineage's Infringement of U.S. Pat. No. 7,119,524

26. Answering paragraph 26 of SynQor's counterclaims, each of the foregoing paragraphs is incorporated by reference.

27. Answering paragraph 27 of SynQor's counterclaims, Lineage admits that what appears to be a copy of U.S. Patent No. 7,119,524 ("the '524 Patent") is attached as Exhibit C to SynQor's Answer. Lineage admits that, on its face, Exhibit C states that its title is "Control of DC/DC Converters Having Synchronous Rectifiers," and that it was issued on October 10, 2006. Lineage denies that the '524 Patent was duly and legally issued. Lineage is without knowledge or information sufficient to form a belief as to the truth of the allegation that SynQor is the legal assignee of the '524 Patent. Lineage denies the remaining allegations in paragraph 27 of SynQor's counterclaims.

28. Lineage denies each and every allegation in paragraph 28 of SynQor's counterclaims, and specifically denies any wrongdoing or infringement.

29. Lineage denies each and every allegation in paragraph 29 of SynQor's

5

counterclaims, and specifically denies any wrongdoing or infringement.

30. Lineage denies each and every allegation in paragraph 30 of SynQor's counterclaims, and specifically denies any wrongdoing or infringement.

31. Lineage denies each and every allegation in paragraph 31 of SynQor's counterclaims, and specifically denies any wrongdoing or infringement.

## WILLFULNESS

32. Lineage denies each and every allegation in paragraph 32 of SynQor's counterclaims, and denies any wrongdoing or infringement. Lineage specifically denies that it has committed acts of direct or indirect infringement within this judicial district or anywhere else.

## DEMAND FOR JURY TRIAL

33. Answering paragraph 33 of SynQor's counterclaims, Lineage admits that SynQor demands a trial by jury.

## RESPONSE TO REQUEST FOR RELIEF

34. Lineage denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the '159, '520 and '524 Patents identified in SynQor's counterclaims. Lineage also denies that SynQor is entitled to any of the relief requested against Lineage, including injunctive relief, actual damages, enhanced damages, attorneys' fees, costs, interest, or any other relief of any kind.

## II. AFFIRMATIVE DEFENSES

Subject to the responses above, Lineage alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to the responses above, Lineage

6

specifically reserves all rights to allege additional affirmative defenses that become known throughout the course of discovery.

35. Lineage is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '159 Patent.

36. Lineage is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '520 Patent.

37. Lineage is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '524 Patent.

38. The claims of the '159 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 100 *et seq.*, 101, 102, 103 and 112.

39. The claims of the '520 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 100 *et seq.*, 101, 102, 103 and 112.

40. The claims of the '524 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 100 *et seq.*, 101, 102, 103 and 112.

41. SynQor's claims for relief, in whole or in part, are barred by the doctrine of prosecution history estoppel.

42. SynQor's claims for relief, in whole or in part, are barred by the doctrines of waiver, laches, and/or estoppel.

43. SynQor's claims for relief, in whole or in part, are barred by the doctrine of equitable estoppel.

44. SynQor's claims for relief, in whole or in part, are barred by the doctrine of promissory estoppel.

45. SynQor's claims for relief, in whole or in part, are barred by express or implied license.

46. SynQor's claims for relief, in whole or in part, are barred by the doctrine of unclean hands.

47. SynQor cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

48. SynQor's alleged damages are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. § 287, and the limitations period further bars past damages claims.

### III.   COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Lineage alleges the following counterclaims against SynQor:

49. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the United States Patent Act, 35 U.S.C. § 1, *et seq.* Lineage requests a judicial declaration that (1) it does not infringe any valid, enforceable claim of the '159, '520 and '524 Patents, and (2) the '159, '520 and '524 Patents are invalid.

## THE PARTIES

50. Lineage is a corporation organized and existing under the laws of Nevada, with its principal place of business at 3000 Skyline Drive, Mesquite, Texas 75149.

51. On information and belief, SynQor is a corporation organized and existing under the laws of Delaware, with its principal place of business at 155 Swanson Road, Boxborough, Massachusetts 01719.

## JURISDICTION AND VENUE

52. Subject to Lineage's affirmative defenses and denials, this Court has jurisdiction over the subject matter of these counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

53. Venue for these counterclaims is proper in this district under, without limitation, 28 U.S.C. §§ 1331, 1332(a), and/or 1391(b).

## COUNTERCLAIM ONE
### Declaratory Judgment Regarding the '159 Patent

54. Lineage repeats and re-alleges the allegations of the preceding paragraphs 14-19, 35, 38 and 49-53 above as if fully set forth herein.

55. SynQor purports to be the sole holder of the entire right, title and interest in the '159 Patent.

56. SynQor has asserted counterclaims against Lineage, alleging infringement of the '159 Patent. Thus, an immediate, real and justiciable controversy exists between SynQor and Lineage with respect to the alleged infringement and invalidity of the '159 Patent.

57. Lineage is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '159 Patent.

58.     The claims of the '159 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 100 *et seq.*, 101, 102, 103 and 112.

59.     Lineage requests a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '159 Patent and/or that the claims of the '159 Patent are invalid.

60.     SynQor asserted its counterclaims regarding the '159 Patent without a good faith basis, making this an exceptional case under 35 U.S.C. § 285.  Consequently, SynQor is liable for any and all attorneys' fees, expenses and costs incurred by Lineage in connection with these baseless counterclaims by SynQor.

**COUNTERCLAIM TWO**
**Declaratory Judgment Regarding the '520 Patent**

61.     Lineage repeats and re-alleges the allegations of the preceding paragraphs 20-25, 36, 39 and 49-53 above as if fully set forth herein.

62.     SynQor purports to be the sole holder of the entire right, title and interest in the '520 Patent.

63.     SynQor has asserted counterclaims against Lineage, alleging infringement of the '520 Patent.  Thus, an immediate, real and justiciable controversy exists between SynQor and Lineage with respect to the alleged infringement and invalidity of the '520 Patent.

64.     Lineage is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '520 Patent.

65. The claims of the '520 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 100 *et seq.*, 101, 102, 103 and 112.

66. Lineage requests a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '520 Patent and/or that the claims of the '520 Patent are invalid.

67. SynQor asserted its counterclaims regarding the '520 Patent without a good faith basis, making this an exceptional case under 35 U.S.C. § 285. Consequently, SynQor is liable for any and all attorneys' fees, expenses and costs incurred by Lineage in connection with these baseless counterclaims by SynQor.

## COUNTERCLAIM THREE
### Declaratory Judgment Regarding the '524 Patent

68. Lineage repeats and re-alleges the allegations of the preceding paragraphs 26-31, 37, 40 and 49-53 above as if fully set forth herein.

69. SynQor purports to be the sole holder of the entire right, title and interest in the '524 Patent.

70. SynQor has asserted counterclaims against Lineage, alleging infringement of the '524 Patent. Thus, an immediate, real and justiciable controversy exists between SynQor and Lineage with respect to the alleged infringement and invalidity of the '524 Patent.

71. Lineage is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '524 Patent.

72.     The claims of the '524 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 100 *et seq.*, 101, 102, 103 and 112.

73.     Lineage requests a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '524 Patent and/or that the claims of the '524 Patent are invalid.

74.     SynQor asserted its counterclaims regarding the '524 Patent without a good faith basis, making this an exceptional case under 35 U.S.C. § 285.  Consequently, SynQor is liable for any and all attorneys' fees, expenses and costs incurred by Lineage in connection with these baseless counterclaims by SynQor.

## DEMAND FOR JURY TRIAL

75.     Under Rule 38 of the Federal Rules of Civil Procedure, Lineage hereby demands a trial by jury on all issues so triable.

## RELIEF

WHEREFORE, Lineage respectfully requests the following relief:

76.     That each of SynQor's counterclaims be dismissed with prejudice, and that SynQor take nothing by those counterclaims;

77.     That Lineage does not infringe any valid, enforceable claim of the '159 Patent;

78.     That the claims of the '159 Patent are invalid;

79.     That Lineage does not infringe any valid, enforceable claim of the '520 Patent;

80.     That the claims of the '520 Patent are invalid;

81.     That Lineage does not infringe any valid, enforceable claim of the '524 Patent;

82.     That the claims of the '524 Patent are invalid;

83.     That, pursuant to 35 U.S.C. § 285, Fed. R. Civ. P. 11, and/or other applicable

laws, the Court find that SynQor's conduct in commencing and pursuing its Third, Fourth and Fifth counterclaims renders this an exceptional case and that Lineage be awarded its attorneys' fees, expenses and costs incurred in connection with this action; and

84. That Lineage be granted such other and additional relief as this Court deems just and proper.

Dated: June 19, 2008                                        Respectfully submitted,

*/s/ Diane V. DeVasto*
Michael E. Jones
State Bar No. 10929400
Diane V. DeVasto
State Bar No. 05784100
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas  75710
(903) 597-8311
(903) 593-0846 (Facsimile)
mikejones@potterminton.com
dianedevasto@potterminton.com

**ATTORNEYS FOR PLAINTIFF**
**LINEAGE POWER CORPORATION**

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 19, 2008. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Diane V. DeVasto*
Diane V. DeVasto