IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LINEAGE POWER CORP.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SYNQOR, INC.<br><br>　　　　Defendant. | Case No. 2:08CV95<br><br>JURY TRIAL DEMANDED |

**DEFENDANT SYNQOR, INC.'S ANSWER TO LINEAGE POWER
CORPORATION'S COUNTERCLAIMS TO SYNQOR INC.'S COUNTERCLAIMS**

Defendant SynQor, Inc. ("SynQor") respectfully submits this Answer in response to the counterclaims (the "Counterclaims") asserted by Lineage Power Corporation ("Lineage") in its Answer, Affirmative Defenses, and Counterclaims to SynQor, Inc.'s Counterclaims (Dkt. # 23) as follows:

### III.  COUNTERCLAIMS

49. SynQor admits that paragraph 49 of the Counterclaims purports to assert that the claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the United States Patent Act, 35 U.S.C. § 1, *et seq.*, and that Lineage requests certain judicial declarations. SynQor denies that Lineage is entitled to such judicial declarations and denies all other assertions in paragraph 49.

### THE PARTIES

50. Upon information and belief, SynQor admits the allegations in paragraph 50.

51. SynQor admits the allegations of paragraph 51.

## JURISDICTION AND VENUE

52. SynQor will not contest jurisdiction or venue in this matter.

53. SynQor will not contest jurisdiction or venue in this matter.

## COUNTERCLAIM ONE
### Declaratory Judgment Regarding the '159 Patent

54. SynQor admits that Lineage claims in paragraph 54 to repeat and re-allege the allegations in the preceding paragraphs 14-19, 35, 38 and 49-53 as if fully set forth therein. SynQor denies the remaining allegations of paragraph 54.

55. SynQor admits the allegations in paragraph 55.

56. SynQor admits the allegations in paragraph 56.

57. SynQor denies the allegations in paragraph 57.

58. SynQor denies the allegations in paragraph 58.

59. SynQor admits that in paragraph 59 Lineage requests a declaration with respect to the '159 patent, but SynQor denies that Lineage is entitled to a declaration in its favor and therefore denies the remaining allegations in paragraph 59.

60. SynQor denies the allegations in paragraph 60.

## COUNTERCLAIM TWO
### Declaratory Judgment Regarding the '520 Patent

61.     SynQor admits that Lineage claims in paragraph 61 to repeat and re-allege the allegations in the preceding paragraphs 20-25, 36, 39 and 49-53 as if fully set forth therein. SynQor denies the remaining allegations of paragraph 61.

62.     SynQor admits the allegations in paragraph 62.

63.     SynQor admits the allegations in paragraph 63.

64.     SynQor denies the allegations in paragraph 64.

65.     SynQor denies the allegations in paragraph 65.

66.     SynQor admits that in paragraph 66 Lineage requests a declaration with respect to the '520 patent, but SynQor denies that Lineage is entitled to a declaration in its favor and therefore denies the remaining allegations in paragraph 66.

67.     SynQor denies the allegations in paragraph 67.

## COUNTERCLAIM THREE
### Declaratory Judgment Regarding the '524 Patent

68.     SynQor admits that Lineage claims in paragraph 68 to repeat and re-allege the allegations in the preceding paragraphs 26-31, 37, 40 and 49-53 as if fully set forth therein. SynQor denies the remaining allegations of paragraph 68.

69.     SynQor admits the allegations in paragraph 69.

70.     SynQor admits the allegations in paragraph 70.

71. SynQor denies the allegations in paragraph 71.

72. SynQor denies the allegations in paragraph 72.

73. SynQor admits that in paragraph 73 Lineage requests a declaration with respect to the '524 patent, but SynQor denies that Lineage is entitled to a declaration in its favor and therefore denies the remaining allegations in paragraph 73.

74. SynQor denies the allegations in paragraph 74, and further alleges that this claim is asserted without a good faith basis, making Lineage liable for attorneys' fees, expenses, and costs.

## DEMAND FOR JURY TRIAL

75. SynQor admits that Lineage demands a trial by jury, and SynQor demands the same.

## RELIEF

76. SynQor denies that Lineage is entitled to relief;

77. SynQor denies that Lineage is entitled to relief;

78. SynQor denies that Lineage is entitled to relief;

79. SynQor denies that Lineage is entitled to relief;

80. SynQor denies that Lineage is entitled to relief;

81. SynQor denies that Lineage is entitled to relief;

82. SynQor denies that Lineage is entitled to relief;

83. SynQor denies that Lineage is entitled to relief;

84. SynQor denies that Lineage is entitled to relief.

WHEREFORE, SynQor respectfully requests that Lineage's counterclaims be dismissed with prejudice and that SynQor be awarded its attorneys' fees, expenses and costs incurred in connection with these claims, and such other and additional relief as this Court deems just and proper.

Respectfully submitted,

Dated:   July 10, 2008       */s/ Thomas D. Rein*

**Thomas D. Rein**
*(admitted pro hac vice)*
Lead Attorney
trein@sidley.com
**Russell E. Cass**
*(admitted pro hac vice)*
rcass@sidley.com
**April D. Lambert**
*(admitted pro hac vice)*
alambert@sidley.com
**Brian C. Bianco**
*(admitted pro hac vice)*
bcbianco@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL   60603
Telephone:    312.853.7000
Facsimile:    312.853.7036

**V. Bryan Medlock, Jr.**
Texas State Bar No. 13897000
bmedlock@sidley.com
**Michael D. Hatcher**

        Texas State Bar No. 24027067
        mhatcher@sidley.com
        **SIDLEY AUSTIN LLP**
        717 North Harwood, Suite 3400
        Dallas, TX   75201
        Telephone:     214.981.3300
        Facsimile:     214.981.3400

*ATTORNEYS FOR PLAINTIFF SYNQOR, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 10, 2008. Any other counsel of record will be served by first class U.S. mail on this same date.

                                                   */s/ April D. Lambert*

                                                   April D. Lambert