IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **LINEAGE POWER CORPORATION** | Civil Action No. 2:08-cv-95(TJW/CE) |
| vs. | **JURY TRIAL DEMANDED** |
| **SYNQOR, INC.** | |

### DOCKET CONTROL ORDER

In accordance with the case status conference held herein on the 2nd day of December, 2008, and with notice of the following additional cases pending between these parties: (1) *SynQor, Inc. v. Artesyn et al.*, No. 2:07-CV-497(TJW-CE)(E.D. Tex.) ("the -497 case")[1]; and, (2) Lineage Power Corp. v. SynQor, Inc. et al., Case No. 08-C-0397 (W.D. Wis.)[2], it is hereby

**ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| November 7, 2011 | Jury Selection – 9:00 a.m. in **Marshall, Texas.** |
| October 24, 2011 | Pretrial Conference – 9:30 a.m. in **Marshall, Texas.** |
| October 17, 2011 | Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict. |
| October 12, 2011 | **Motions *in Limine* Due.** The parties are ordered to **meet and confer** on their respective motions in limine and **advise the court of any agreements in this regard by 3:00 p.m. the business day before** the pretrial conference. The parties shall limit their motions *in limine* to those issues which, if improperly introduced into the trial of the case would be so prejudicial |

---

[1] On March 20, 2008, Lineage filed a consolidated motion for leave to amend its Answer in the -497 case, or, in the alternative, to consolidate the -497 case and this case. The motion has been fully briefed, but not yet argued, nor ruled upon.

[2] On October 17, 2008, SynQor filed a motion to transfer the Wisconsin case to the Eastern District of Texas. The motion has been fully briefed, but not yet argued, nor ruled upon.

| | |
|---|---|
| | that the court could not alleviate the prejudice with appropriate instruction(s). |
| October 12, 2011 | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings**. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and –mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com. |
| October 12, 2011 | Response to Dispositive Motions (including *Daubert* motions). [3] <br>**Responses to dispositive motions filed prior to the dispositive motion deadline, including Daubert Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV56.** |
| September 28, 2011 | Deadline for filing Dispositive Motions and any other Motions that may require a hearing (including *Daubert* motions). |
| September 16, 2011 | Mediation to be completed. |
| September 16, 2011 | Parties to identify rebuttal witnesses. |
| September 5, 2011 | Parties to identify case-in-chief witnesses. |
| August 3, 2011 *(or 75 days after claim construction ruling, whichever is later)* | Expert Discovery Deadline. |
| July 1, 2011 *(or 45 days after claim construction ruling, whichever is later)* | Designate Rebuttal Expert Witnesses other than claims construction. <br>Expert witness report due. <br>Refer to Discovery Order for required information. |

---

[3] The parties are directed to Local Rule CV-7(d), which provides that "[i]in the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **12 days, in addition to any added time permitted under Fed. R. Civ. P. 6(e)**, in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

| | |
|---|---|
| June 15, 2011<br>*(or 30 days after claim construction ruling, whichever is later)* | Comply with P.R. 3-8. |
| June 15, 2011<br>*(or 30 days after claim construction ruling, whichever is later)* | Party with the burden of proof to designate expert witnesses other than claims construction.<br>Expert witness report due.<br>Refer to discovery order for required information. |
| May 27, 2011<br>*(or 15 days after claim Construction ruling, whichever is later)* | Fact Discovery Deadline. |
| April 20, 2011 | Claim construction hearing 9:00 a.m., **Marshall, Texas**. |
| April 6, 2011 | Comply with P.R. 4-5(d).<br>Submission of the parties' technology tutorials to the Court |
| April 1, 2011 | Comply with P.R. 4-5(c). |
| March 11, 2011 | Comply with P.R. 4-5(b). |
| February 4, 2011 | Comply with P.R. 4-5(a). |
| January 28, 2011 | Discovery deadline – claims construction issues. |
| January 24, 2011 | Comply with P.R. 4-3. |
| December 22, 2010 | Comply with P.R. 4-2. |
| November 19, 2010 | Comply with P.R. 4-1. |
| October 15, 2010 | Respond to amended pleadings. |
| October 1, 2010 | Amend pleadings.<br>**(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit. It is necessary to file a Motion for Leave to Amend after the amended pleadings date set forth herein.)** |
| March 19, 2010 | Join additional parties. |

| | |
|---|---|
| August 7, 2009 | Parties shall inform the Court if they have no outstanding disputes concerning privileged documents or information. |
| May 29, 2009 | Privilege logs to be exchanged by parties. |
| February 27, 2009 | Comply with P.R. 3-3 and 3-4. |
| December 22, 2008 | Comply with P.R. 3-1 and 3-2. |

### OTHER LIMITATIONS

1. All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

2. The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern district of Texas Local Rule CV-7(h).

3. The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

    (a) The fact that there are motions for summary judgment or motions to dismiss pending;

    (b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

    (c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

SIGNED this 15th day of December, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE